THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS MCCARTHY and MARTINIQUE MAYNOR, individually and NICHOLAS MCCARTHY as successor-in-interest to ETHAN MCCARTHY a deceased individual; LAURA JÓNSSON and STEINN JÓNSSON, individually, and LAURA JÓNSSON as successor-in-interest to KRISTINE JÓNSSON, a deceased individual,<br><br>Plaintiffs,<br><br>- vs -<br><br>AMAZON.COM, INC, a Delaware corporation,<br><br>Defendant. | No. 2:23-cv-00263<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEFING IN OPPOSITION TO AMAZON.COM, INC.'S MOTION TO DISMISS<br><br>ORAL ARGUMENT REQUESTED |

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 1 of 8



C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

x

# TABLE OF AUTHORITIES

Cases

*Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747 (1991). ......................................6

*Colbert v. Moomba Sports, Inc.,* 163 Wash.2d 43 (2008). .......................................................3, 5

*Davis v. Edgewell Pers. Care Brands, LLC*,
   No. 2:18-CV-00057-SAB, (E.D. Wash. 2018). ...............................................................3, 5, 6

*Falk v. Keene Corp.,* 113 Wn.2d 654 (1989). ................................................................................6

*Hegel v. McMahon*, 136 Wn.2d 122 (1998)....................................................................................4

*Macias v. Saberhagen Holdings, Inc., et al.*, 175 Wn.2d 402 (2012)...........................................5

*Percival v. General Electric Co.*, 708 F.Supp.2d 1171 (W.D. Wash. 2010). ............................3, 6

*Taylor v. Intuitive Surgical, Inc.*, 187 Wn.2d 743 (2017)..........................................................5, 6

Statutes

RCW 7.72.040(a). .......................................................................................................................3, 6

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 2 of 8



CORRIE YACKULIC LAW FIRM PLLC
110 P REFONTAINE P LACE S OUTH, S UITE 304
S EATTLE, W ASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

## I.   INTRODUCTION

Plaintiffs submit this supplemental brief in opposition to Defendant Amazon's Motion to Dismiss to address the issue posed by the Court on May 4, 2023, specifically, whether the Washington Product Liability Act can preempt negligent infliction of emotional distress ("NIED") claims, such as the one brought by Plaintiff Martinique Maynor ("Nikki") against Amazon. The answer is no, the WPLA does not "preempt" or "subsume" a bystander's NIED claim.  No Washington court to consider an NIED claim in the context of a product liability suit has held that the WPLA preempts such claim. *See Colbert v. Moomba Sports, Inc.*, 163 Wash.2d 43 (2008); *Davis v. Edgewell Pers. Care Brands, LLC*, No. 2:18-CV-00057-SAB, (E.D. Wash. 2018); *Percival v. General Electric Co.*, 708 F.Supp.2d 1171 (W.D. Wash. 2010). *Percival v. General Electric Co.*, 708 F.Supp.2d 1171 (W.D. Wash. 2010).

Plaintiffs here have alleged, *inter alia,* negligence against Amazon as "seller" of Sodium Nitrite—a claim that falls within the WPLA. RCW 7.72.040(a).  (Amazon does not here dispute that it is a product seller under the WPLA. *See* Mot. at 11 n.2.)  Plaintiffs have additionally alleged negligence for Amazon's affirmative acts to assist in suicide. This claim falls outside the scope of the WPLA. Martinique Maynor's ("Nikki's") NIED claim arises as the foreseeable result of a family member witnessing the injury and death of a loved one due to Amazon's tortious acts. This is a stand-alone cause of action.

## II.   FACTS

Amazon sold 99.6% pure Loudwolf Sodium Nitrite to 17-year-old Ethan McCarthy on January 2, 2021. First Amended Complaint ("FAC") ¶¶ 97, 190. As with all products on its website, Amazon offered, displayed, and promoted Loudwolf; entered into seller agreements dictating Amazon's terms, received a commission for each unit sold, handled purchasers' payments, engaged in customer service, and had the power to cancel orders and remove product listings. FAC ¶¶ 65-81, 232-43.

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 3 of 8

C.A. GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

At the time of sale to Ethan, the Loudwolf Sodium Nitrite was mislabeled and contained inadequate warnings. FAC ¶¶ 98-99. Amazon did not enforce its own standards for how Sodium Nitrite, an industrial chemical, was to be displayed, it manipulated product reviews and rankings, and delivered Sodium Nitrite to Ethan even after Nikki reached out to customer service to cancel the shipment. FAC ¶¶ 123, 190-95.

Amazon knew that Loudwolf – along with other brands of pure Sodium Nitrite it sold – was regularly used for suicide, but nonetheless bundled it with other suicide implements including an instructional manual and put it in the hands of children knowing the high risk of death. FAC ¶¶ 106-10, 126-29, 244-47. Amazon concealed from third-party vendors, including Loudwolf, its knowledge of Sodium Nitrite deaths. FAC ¶ 31.

The morning of January 7, 2021, Nikki went to Ethan's bedroom to wake him up and discovered his body stiff with one arm raised in the air. FAC ¶¶ 196, 198. She ran to him, put her head on his chest, touched his face. FAC ¶ 198. She saw thick reddish-brown liquid coming out of his mouth. FAC ¶ 198. Nikki screamed for her other son to help and called 911. FAC ¶ 199. Soon after, she blacked out. FAC ¶ 203. She and her two kids never slept another night in their home. *Id.* Their family broke up. *Id.* Nikki sold the house and moved out of state, while the other kids lived with her mom. *Id.* Nikki experienced such overwhelming grief she was prescribed Xanax, upon which she became dependent. FAC ¶ 204. She was unable to work regularly for months. *Id.*

### III.   ARGUMENT

**A.   The Tort of Negligent Infliction of Emotional Distress:  An Independent, Stand-Alone Cause of Action.**

The tort of negligent infliction of emotional distress allows close family members to recover for their own emotional injury from observing a loved one's "***negligently*** inflicted physical injury." *Hegel v. McMahon*, 136 Wn.2d 122, 126 (1998) (emphasis added).  The claim incorporates the negligence concept of foreseeability – albeit narrowed – thus allowing family

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 4 of 8

C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

members "recovery for 'foreseeable' intangible injuries caused by viewing a physically injured loved one shortly after a traumatic accident." *Colbert*, 163 Wash. 2d at 49.

### B.     WPLA "Preemption" Does Not Apply to NIED Claims.

The WPLA is said to "preempt" or "subsume" common-law product-based claims. *See, e.g., Taylor v. Intuitive Surgical, Inc.*, 187 Wn.2d 743, 754 (2017); *Macias v. Saberhagen Holdings, Inc., et al.*, 175 Wn.2d 402, 409 (2012); *Davis*, 2018 WL 1975685, at *3. In other words, the statute supplies the claims that may be brought against product "manufacturers" or "sellers" – as defined in the WPLA – for product-based harms *to consumers*. However, no court to consider bystander NIED claims in a product liability action has found the claims to be preempted or subsumed by the WPLA.

The Washington Supreme Court has most recently addressed the bystander NIED cause of action in a WPLA case in *Colbert v. Moomba Sports, Inc.* There, the father of a girl who drowned after inhaling deadly fumes from a motorboat sued the boat manufacturers and others under the WPLA. 163 Wash.2d at 48.  The father also asserted his own NIED claim. *Id.* at 47. In a lengthy decision addressing the nature, scope, and viability of the NIED claim, the Court never entertained WPLA preemption, even though it treated the product manufacturer (Skier's Choice, Inc.) – subject only to strict liability claims, *see infra* – as the principal defendant. *Id.* at 47.  Although the Court held the NIED claim was properly dismissed because the father "did not suffer the trauma of seeing the accident or the suffering of his daughter," *id.* at 62, the Court did not discuss or intimate in any way that the father's NIED claim was subsumed under the WPLA and thus not available against the product manufacturers as a negligence-based theory of recovery.

In *Davis v. Edgewell Pers. Care Brands, LLC*, the court squarely addressed the defendant seller's and manufacturer's WPLA preemption challenge to the parents' NIED claim, which arose from witnessing their daughter's severe complications of Toxic Shock Syndrome caused by the defendants' tampon products. No. 2:18-CV-00057-SAB, (E.D. Wash. 2018). Relying on

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 5 of 8

C.A.GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

*Colbert*, the court refused to find the NIED claims against the seller *or the manufacturer* preempted by the WPLA. It noted that in *Colbert,* "[t]here is no mention of preemption in the opinion. Instead, the focus of the opinion was on the foreseeability requirement for a bystander NIED claim." 2018 WL 1975685, at *3. *Accord Percival,* 708 F.Supp.2d at 1174-77 (denying stove and griddle manufacturers' motion for dismissal of NIED claims of grandchildren who witnessed grandmother's clothing on fire; no mention that NIED claims were preempted or subsumed by strict liability standard governing manufacturer liability under WPLA).

Like the NIED claims in *Colbert, Davis,* and *Percival,* Nikki's stand-alone well-pleaded NIED claim against Amazon exists apart from Plaintiffs' WPLA claims and is not subsumed or preempted by those claims.

C. **Even If Bystander NIED Claims Were Subsumed By the WPLA—Though They Are Not—Nikki's Claim Would Not Be Barred Because the Estate's Claims Against Amazon Sound in Negligence, As Does Her NIED Claim.**

The WPLA does not recognize a claim for negligence against *manufacturers*, except for claims of post-manufacture failure to warn. Instead, "strict liability generally governs product liability claims" against manufacturers. *Taylor*, 187 Wn.2d at 760-61; *accord Falk v. Keene Corp.,* 113 Wn.2d 654, 653 (1989) (design defect); *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747 (1991) (warnings claim); RCW 7.72.030(1). Thus, negligence claims against a product *manufacturer* are said to be "preempted" or "subsumed" by the WPLA.

On the other hand, the WPLA specifically provides that sellers (other than manufacturers) *are* subject to liability for *negligence* in the sale of dangerous or not-reasonably-safe products. RCW 7.72.040(a).[1] Plaintiffs have alleged that Amazon was a seller of Loudwolf

---

[1] RCW 7.72.040(a) provides:
   A product seller other than a manufacturer is liable to the claimant only if the claimant's harm was proximately caused by:
      (a) The **negligence** of such product seller; or
      (b) Breach of an express warranty made by such product seller; or
      (c) The intentional misrepresentation of facts about the product by such product seller or the intentional concealment of information about the product by such product seller.
(Emphasis added.)

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 6 of 8

C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

Sodium Nitrite, and that Amazon was negligent as a seller because the chemical was mislabeled, deceptively promoted, and unreasonably dangerous. *See* FAC ¶ 98-99, 236-37.

Thus, even if bystander NIED claims were governed by the WPLA, such claims should be permitted to proceed against sellers – like Amazon – since product-based claims against sellers sound in negligence, which is expressly authorized under the WPLA.

## CONCLUSION

For the foregoing reasons, the Court should find WPLA preemption does not apply to NIED claims, including Nikki's.

DATED this 9th day of May, 2023.

**CORRIE YACKULIC LAW FIRM, PLLC**     **CA GOLDBERG, PLLC**

/s/ *Corrie Yackulic*                                     /s/ *Carrie Goldberg*
CORRIE YACKULIC, WSBA 16063              CARRIE GOLDBERG, *pro hac vice*
110 Prefontaine Place South, Suite 304     NAOMI LEEDS, *pro hac vice*
Seattle, Washington 98104                      HANNAH MEROPOL, *pro hac vice*
corrie@cjylaw.com                                    16 Court Street
                                                                   Brooklyn, New York 11241
                                                                   carrie@cagoldberglaw.com
                                                                   naomi@cagoldberglaw.com
                                                                   hannah@cagoldberglaw.com

*Attorneys for Plaintiffs*

## CERTIFICATION

I certify this memorandum contains 1,510 words, in compliance with Local Civil Rules.

/s/ *Carrie A. Goldberg*
Carrie Goldberg



Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 7 of 8

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on May 9, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

*/s/ Hannah Meropol*
Hannah Meropol

Plaintiff's Supp. Brief Re Motion to Dismiss
(No. 14-2-31832-4 SEA) - 8 of 8

C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

CORRIE YACKULIC LAW FIRM PLLC
110 PREFONTAINE PLACE SOUTH, SUITE 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915
FACSIMILE: (206) 299-9725