1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS MCCARTHY and MARTINIQUE
MAYNOR, individually and NICHOLAS
MCCARTHY as successor-in-interest to ETHAN
MCCARTHY a deceased individual; LAURA
JÓNSSON and STEINN JÓNSSON,
individually, and LAURA JÓNSSON as
successor-in-interest to KRISTINE JÓNSSON, a
deceased individual,

    Plaintiffs,

 v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

No. 2:23-cv-00263

DEFENDANT AMAZON.COM,
INC.'S SUPPLEMENTAL RESPONSE
IN SUPPORT OF ITS MOTION TO
DISMISS

ORAL ARGUMENT REQUESTED

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS
(No. 2:23-cv-00263)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF CONTENTS**

2

**Page**

3

INTRODUCTION ................................................................................................................. 1

4

ARGUMENT ....................................................................................................................... 1

5

    A.      The WPLA preempts Count III ................................................................... 1

6

           1.       The WPLA's text covers Count III. .......................................... 1

7

           2.       Precedent confirms that the WPLA preempts Count III. ........... 3

8

           3.       The WPLA's purpose confirms that it preempts Count III. ....... 5

9

    B.      Count III's failure to state an NIED Claim does not affect preemption. ............... 5

10

CONCLUSION .................................................................................................................... 6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS
(No. 2:23-cv-00263) - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

162073656

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Blackwell* v. *Ethicon, Inc.*,
   2017 WL 2884531 (S.D. W. Va. July 6, 2017) ...................................................3

*Buttelo* v. *S.A. Woods-Yates Am. Mach. Co.*,
   864 P.2d 948 (Wash. Ct. App. 1993) ...........................................................5

*Bylsma* v. *Burger King Corp.*,
   293 P.3d 1168 (Wash. 2013)..................................................................4

*Cotton* v. *Ethicon, Inc.*,
   2021 WL 736211 (N.D. Ind. Feb. 25, 2021) .....................................................3

*Hunsley* v. *Giard*,
   553 P.2d 1096 (Wash. 1976)..................................................................2

*Kaspers* v. *Howmedica Osteonics Corp.*,
   2015 WL 12085853 (W.D. Wash. Oct. 23, 2015) ................................................3

*Kiker* v. *Smithkline Beecham Corp.*,
   2015 WL 5768389 (S.D. Ohio Sept. 30, 2015) ..................................................3

*Laisure-Radke* v. *Par Pharm., Inc.*,
   426 F. Supp. 2d 1163 (W.D. Wash. 2006)........................................................2

*Macias* v. *Saberhagen Holdings, Inc.*,
   282 P.3d 1069 (Wash. 2012)..................................................................4

*March* v. *Ethicon, Inc.*,
   2021 WL 719261 (W.D. Wash. Feb. 24, 2021) ....................................................3

*Rodman* v. *Ethicon, Inc.*,
   2021 WL 2434521 (W.D. Wash. June 15, 2021).................................................1, 3

*Snyder* v. *Med. Serv. Corp. of E. Washington*,
   35 P.3d 1158 (Wash. 2001)..................................................................2

*Thibodeaux Billodeaux* v. *Ethicon Inc.*,
   2020 WL 557724 (W.D. La. Feb. 3, 2020)........................................................3

*Wash. State Physicians Ins. Exch. & Ass'n* v. *Fisons Corp.*,
   858 P.2d 1054 (Wash. 1993)...........................................................1, 3, 4, 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF AUTHORITIES (continued)**

2
                                                                                    **Page(s)**

3  *Wash. Water Power Co.* v. *Graybar Elec. Co.*,

4     774 P.2d 1199 (Wash. 1989)........................................................................2, 3, 4, 5

5  **STATUTES**

6  Philip A. Talmadge, *Washington's Product Liability Act*, 5 U. Puget Sound L.
      Rev. 1 (1981) ............................................................................................................5
7
   RCW 7.72.010(4)............................................................................................................1, 2
8
   RCW 7.72.010(5)............................................................................................................1, 2
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS - iii
(No. 2:23-cv-00263)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: +1.206.359.9000

# INTRODUCTION

This Court requested briefing on "whether the Washington Product Liability Act can preempt negligent infliction of emotional distress claims, such as the one brought in this action by Plaintiff Martinique Maynor." Dkt. #56 at 1-2. The WPLA does preempt Plaintiff's claim. The text, precedent, and legislative purpose confirm that "a claim for negligent infliction of emotional distress falls within the WPLA's scope of preemption." *Rodman* v. *Ethicon, Inc.*, 2021 WL 2434521, at *3 (W.D. Wash. June 15, 2021). The fact that Count III does not state a cognizable NIED claim does not affect preemption. The Washington Supreme Court has held that a claim for "emotional pain and suffering" under the WPLA was "not recoverable under" the Act, and that "any negligence cause of action" for that same emotional harm was "preempted by the [W]PLA." *Wash. State Physicians Ins. Exch. & Ass'n* v. *Fisons Corp.*, 858 P.2d 1054, 1066 (Wash. 1993). This Court should therefore dismiss Count III.

# ARGUMENT

## A.   The WPLA preempts Count III.

As Amazon previously argued, the WPLA preempts Count III's common-law NIED claim. *See* Mot. 5. The WPLA's text, precedent, and purpose confirm this conclusion.

### 1.   The WPLA's text covers Count III.

Count III falls within the WPLA's preemptive scope. Count III is a "product liability claim" as defined in RCW 7.72.010(4). And Plaintiff is a "claimant" as defined in RCW 7.72.010(5).

**RCW 7.72.010(4).** Count III falls within the definition of "product liability claim" because it is a negligence-based claim for emotional harm that Plaintiff suffered as a result of sodium nitrite allegedly being marketed to her son. The WPLA supplants "*any* claim or action brought for harm caused by the ... marketing ... of the relevant product" and includes "*any* claim or action previously based on ... negligence" or "*any* other substantive legal theory" that is not expressly excepted. RCW 7.72.010(4) (emphasis added). As the Washington Supreme Court has noted: "The scope of the statute could not have been stated more broadly." *Wash. Water Power Co.* v. *Graybar Elec.*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  *Co.*, 774 P.2d 1199, 1204 (Wash. 1989). The Act "broadly defines" its scope "to include any

2  product-related claim 'previously based on ... any other substantive legal theory except fraud,

3  intentionally caused harm or ... the consumer protection act.'" *Id.* at 1202 (quoting RCW

4  7.72.010(4)).

5       Count III easily fits that definition. It asserts liability based on Amazon's alleged marketing

6  of a product (sodium nitrite) that was sold to Ethan on Amazon.com and caused him physical

7  injury—resulting in emotional harm to Plaintiff. *See* FAC ¶¶ 248-51, 258. A *negligent* infliction

8  of emotional distress claim obviously "sound[s] in" negligence. *Snyder* v. *Med. Serv. Corp. of E.*

9  *Washington*, 35 P.3d 1158, 1164 (Wash. 2001). And NIED claims were recognized years before

10  the WPLA's passage. *See Hunsley* v. *Giard*, 553 P.2d 1096, 1102-03 (Wash. 1976). Such a claim

11  is clearly "based on ... negligence," RCW 7.72.010(4), and, by the statute's plain text, is preempted

12  by the WPLA, *see Laisure-Radke* v. *Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1168 (W.D. Wash.

13  2006) (claims "based on common law negligence theories" are preempted by the WPLA).

14       **RCW 7.72.010(5).** The fact that Plaintiff brings Count III on her own behalf, and not on

15  Ethan's behalf, does not alter that conclusion. The WPLA's plain text extends its preemptive scope

16  beyond claims by the actual product purchaser or user. The WPLA broadly defines "claimant" as

17  "*any* person ... that suffers harm." RCW 7.72.010(5) (emphasis added). It specifically covers

18  "wrongful death action[s]" and claims brought "through or on behalf of an estate." *Id.* The phrase

19  "any person" is expansive, and the mention of wrongful-death and survival actions clearly

20  contemplates family members being WPLA "claimants." The WPLA also eliminated any privity

21  requirement, so the fact Plaintiff "did not buy the product ... or enter into any contractual

22  relationship with" Amazon does not exempt her claim from the WPLA's scope. *Id.*

23       In sum, the WPLA's broad definitions "counsel[] in favor of preemption, not against it."

24  *Graybar*, 774 P.2d at 1203.

25

26

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS - 2
(No. 2:23-cv-00263)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: +1.206.359.9000

2.      **Precedent confirms that the WPLA preempts Count III.**

Precedent confirms that the WPLA—which was intended to preempt the field of product-related common-law claims—preempts Count III.

Courts in the Western District have consistently concluded that "a claim for negligent infliction of emotional distress falls within the WPLA's scope of preemption." *Rodman*, 2021 WL 2434521, at *3; *March* v. *Ethicon, Inc.*, 2021 WL 719261, at *3 (W.D. Wash. Feb. 24, 2021).[1] This Court has previously held that "negligence-based claims" are "preempted by the WPLA," and let a "claim for infliction of emotional distress" proceed only because the alleged distress was "intentional" and fell within the WPLA's exception for "intentionally caused harm." *Kaspers* v. *Howmedica Osteonics Corp.*, 2015 WL 12085853, at *6 (W.D. Wash. Oct. 23, 2015) (Robart, J.).

Washington Supreme Court precedent confirms that Count III is preempted. In its most analogous decision, it held that the WPLA preempted a doctor's negligence-based claim seeking "damages for emotional distress." *Fisons*, 858 P.2d at 1058. In *Fisons*, a doctor alleged that a drug company failed to warn him about its drug's risks, which led him to prescribe the drug to a patient who suffered injury, causing financial and emotional harms to the doctor. *Id.* at 1058-59. In addressing the doctor's WPLA claim, the court held that "the physician's emotional pain and suffering are not recoverable under … the product liability act" because his claim did not fit under the "very limited circumstances" in which Washington courts had recognized liability for "[e]motional damages caused by a plaintiff witnessing, or learning of, a third person's physical injuries." *Id.* at 1065-66. The court then turned to the doctor's negligence claim. It held that it could not "allow a negligence claim" for the same alleged emotional harm because "any negligence cause of action … is now preempted by the [W]PLA." *Id.* at 1066. The same logic applies here.

---

[1] Courts have held that similar state product-liability statutes preempt common-law NIED claims. *See, e.g.*, *Cotton* v. *Ethicon, Inc.*, 2021 WL 736211, at *3 (N.D. Ind. Feb. 25, 2021); *Thibodeaux Billodeaux* v. *Ethicon Inc.*, 2020 WL 557724, at *2 (W.D. La. Feb. 3, 2020); *Blackwell* v. *Ethicon, Inc.*, 2017 WL 2884531, at *2 (S.D. W. Va. July 6, 2017); *Kiker* v. *Smithkline Beecham Corp.*, 2015 WL 5768389, at *3 (S.D. Ohio Sept. 30, 2015).

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS - 3
(No. 2:23-cv-00263)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: +1.206.359.9000

1    Count III is based on the same underlying conduct as Counts I and II, so it is likewise preempted

2    by the WPLA.

3         Dismissing Count III is consistent with *Bylsma* v. *Burger King Corp.*, 293 P.3d 1168, 1171

4    (Wash. 2013), another case addressing emotional-distress damages under the WPLA. The court's

5    holding that "emotional distress … damages … are recoverable under the WPLA," *id.*, confirms

6    that product-related claims seeking emotional-distress damages are within the WPLA's scope, *see*

7    *supra* at 1-2. Denying recovery under Count III is consistent with *Bylsma* because: (a) the "food

8    product" was "contaminated" and thus defective under the WPLA, whereas the sodium nitrite was

9    not; and (b) the *Bylsma* plaintiff was "the direct purchaser being served," while Plaintiff does not

10   meet the present-at-the-scene requirement and thus is outside the "class of plaintiffs who can

11   recover." 293 P.3d at 1171.

12        Other Washington Supreme Court precedents reinforce this conclusion. The *Graybar* court

13   held that "[t]he WPLA's definition of 'product liability claim'" is "the operative centerpiece of the

14   statute." 774 P.2d at 1204. The court held that one "cannot dilute this definition without frustrating

15   the entire scheme of the statute." *Id.* The court expressly rejected a narrow interpretation of the

16   WPLA "as [a] preservation of common law remedies;" instead, the court held that "the WPLA

17   means nothing if it does not preempt common law product liability remedies." *Id.* at 1203.

18   Accordingly, the Washington Supreme Court has repeatedly refused to allow plaintiffs to avoid

19   the WPLA's preemptive effect by characterizing their claims for product-based harms as

20   something other than a product-liability claim. *See Macias* v. *Saberhagen Holdings, Inc.*, 282 P.3d

21   1069, 1073-74 (Wash. 2012) (collecting cases). It would be contrary to Washington Supreme

22   Court precedent to conclude that an expansive theory and claim such as that in Count III was not

23   preempted by the WPLA.

24        Plaintiffs' authorities do not support a contrary conclusion. The *Colbert* and *Percival*

25   defendants did not raise preemption (which is an affirmative defense), so those courts had no

26

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS - 4
(No. 2:23-cv-00263)

occasion to address it. *See* Dkt. #57 at 5-6. And the nonbinding *Davis* decision—which cannot be squared with *Fisons* or RCW 7.72.010(5)—provides no reasoning to justify its result. *See id.*

### 3.    The WPLA's purpose confirms that it preempts Count III.

The WPLA's purpose confirms that it subsumes claims such as Count III. The Legislature passed the WPLA in 1981 to reform Washington's product-liability law. The Legislature's primary goals in passing the WPLA were "delimiting the substantive liabilities of manufacturers and product sellers" and reducing "uncertainty in tort litigation." *Graybar*, 774 P.2d at 1202. The WPLA was "designed to address a liability insurance crisis which the Legislature felt threatened the availability of socially beneficial products and services." *Fisons*, 858 P.2d at 1066. The Legislature was especially concerned with reducing liability for nonmanufacturing defendants. *See* Philip A. Talmadge, *Washington's Product Liability Act*, 5 U. Puget Sound L. Rev. 1, 10 (1981). Washington courts have therefore consistently recognized that the "Legislature's intent" in passing the WPLA was "to limit, rather than to expand, liability" and have construed the statute accordingly. *Buttelo* v. *S.A. Woods-Yates Am. Mach. Co.*, 864 P.2d 948, 952 (Wash. Ct. App. 1993).

This Court should conclude that Count III is preempted by the WPLA, as that is the only result that is consistent with the Legislature's "clear desire." *Id.* Permitting Plaintiffs to proceed on a common-law claim would also be inconsistent with common-law precedents, which generally "have been cautious about extending a right to recovery, especially when the distress is the consequence of an injury suffered by a third person." *Fisons*, 858 P.2d at 1065.

## B.    Count III's failure to state an NIED claim does not affect preemption.

As Amazon pointed out, and Plaintiffs did not dispute, Count III fails to meet the present-at-the-scene requirement for Washington NIED claims. *See* Reply 9-10. That should not change the preemption analysis. As explained above, *Fisons* held that "the physician's emotional pain and suffering are not recoverable" under the WPLA based on the "circumstances" of the case, while

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS - 5
(No. 2:23-cv-00263)

1   also holding that "a negligence claim" for those same damages was "preempted by the [W]PLA."

2   858 P.2d at 1066. The same dynamic applies here.

3                                    **CONCLUSION**

4          This Court should dismiss Count III as preempted by the WPLA.

5   Dated: May 9, 2023                    By: s/ Gregory F. Miller
                                              Gregory F. Miller, Bar No. 56466
6   I certify that this brief contains 1,750   **Perkins Coie LLP**
    words, in compliance with the Court's     1201 Third Avenue, Suite 4900
7   order.                                    Seattle, Washington 98101-3099
                                              Telephone: +1.206.359.8000
8                                             GMiller@perkinscoie.com

9                                             Steven Williamson, Bar No. 343842
                                              **Perkins Coie LLP**
10                                            1888 Century Park East, Suite 1700
                                              Los Angeles, California 90067-1721
11                                            Telephone: +1.310.788.9900
                                              SWilliamson@perkinscoie.com
12                                            *Pro hac vice application pending*

13                                            *Attorneys for Defendant Amazon.com, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S SUPPLEMENTAL RESPONSE IN
SUPPORT OF ITS MOTION TO DISMISS - 6
(No. 2:23-cv-00263)

1

**CERTIFICATE OF SERVICE**

2          I certify under penalty of perjury that on May 9, 2023, I caused to be electronically filed

3    the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a

4    notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice

5    List.

6                                                  s/ *Gregory F. Miller*
                                                   _____
7                                                  Gregory F. Miller

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:23-cv-00263)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000