UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLAS MCCARTHY, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　　Defendant. | CASE NO. C23-0263JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Plaintiffs Nicholas McCarthy, Martinique Maynor, Laura Jónsson, and Steinn Jónsson's[1] (collectively, "Plaintiffs") motion to (1) amend the June 27, 2023 final judgment granting Defendant Amazon.com, Inc.'s ("Amazon") motion to dismiss and dismissing Plaintiffs' first amended complaint with prejudice, (2) grant

---

[1] Ms. Maynor and Mr. Jónsson bring claims individually, whereas Mr. McCarthy brings claims both individually and as a successor-in-interest to Ethan McCarthy, a deceased individual, and Ms. Jónsson brings claims both individually and as a successor-in-interest to Kristine Jónsson, a deceased individual.  (Am. Compl. (Dkt. # 15) at 1.)

ORDER - 1

1  Plaintiffs' leave to file a second amended complaint, or, in the alternative, (3) certify
2  questions to the Washington State Supreme Court.  (Mot. (Dkt. # 62); Reply (Dkt. # 66).)
3  Amazon opposes the motion.  (Resp. (Dkt. # 65); *see also* Def. Not. (Dkt. # 67).)  The
4  court has reviewed the parties' submissions, the balance of the record, and applicable
5  law.  Being fully advised,[2] the court DENIES Plaintiffs' motion.

## II.   ANALYSIS[3]

This case arises from the deaths by suicide of two teenagers, Ethan McCarthy and Kristine Jónsson, caused by intentionally ingesting sodium nitrite sold by Loudwolf, Inc. ("Loudwolf Sodium Nitrite" or "Sodium Nitrite") on Amazon.com.  (*See generally* Am. Compl.)  The court construed Plaintiffs' first amended complaint to alleges the following claims against Amazon:  negligent product liability and intentional concealment under the Washington Product Liability Act ("WPLA"), RCW 7.72.010, *et seq.*; common law negligence; and common law negligent infliction of emotional distress ("NIED").[4]  (*See* 6/27/23 Order at 9-11; Am. Compl. ¶¶ 232-51 (alleging negligent and strict product

---

[2] Plaintiffs request oral argument.  (*See* Mot. at 1.)  The court, however, concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[3] The court detailed the factual background of this case in its June 27, 2023 order and does not repeat that background here.  (*See* 6/27/23 Order (Dkt. # 60) at 2-6.)

[4] In its June 27, 2023 order, the court construed Plaintiffs' claims in this manner after it determined that Washington law applied and that Plaintiffs could not allege strict product liability claims against Amazon.  (*See* 6/27/23 Order at 9-11 & n.4.)  Additionally, the court concluded that the common law negligence and NIED claims alleged in Counts II and III of Plaintiffs' first amended complaint are preempted or subsumed by the WPLA and therefore construed those claims as negligent product liability claims under the WPLA.  (*Id.* at 25-32; *see also infra* n.13.)

liability, common law negligence, and common law NIED claims against Loudwolf and Amazon).)  On June 27, 2023, the court granted Amazon's motion to dismiss and dismissed Plaintiffs' first amended complaint with prejudice and without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See generally* 6/27/23 Order; Judgment (Dkt. # 61).)

Plaintiffs' instant motion asks the court to amend the June 27, 2023 final judgment entered in favor of Amazon pursuant to Federal Rule of Civil Procedure 59(e) and to grant them leave to amend their first amended complaint.  (*See generally* Mot.)  Alternatively, Plaintiffs ask the court to certify two questions to the Washington State Supreme Court.  (*See generally id.*)  The court begins by setting forth the standard of review governing Federal Rule of Civil Procedure 59(e) motions before turning to its analysis of Plaintiffs' Rule 59(e) motion and other requests.

**A.     Standard of Review for Rule 59(e) Motions**

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  A rule 59(e) motion "should not be granted, absent highly unusual circumstances." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  There are four circumstances that generally qualify: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe*

1  *R.R Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d
2  1253, 1254 n.1 (9th Cir. 1999)). This is a "high hurdle" for the moving party to meet.
3  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

4       In the absence of new evidence or a change in controlling law, a "Rule 59(e)
5  motion may *not* be used to raise arguments or present evidence for the first time when
6  they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v.*
7  *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *Exxon Shipping*
8  *Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *City of Fresno v. United States*, 709 F. Supp.
9  2d 888, 916 (E.D. Cal. 2010) ("Rule 59(e) 'does not provide a vehicle for a party to undo
10 its own procedural failures . . . .'" (quoting *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25,
11 34 (1st Cir. 2001))). Rule 59(e) motions are also "not vehicles permitting the
12 unsuccessful party to 'rehash' arguments previously presented." *Cachil Dehe Band of*
13 *Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1070-71 (E.D. Cal. 2009) (quoting
14 *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other*
15 *grounds*, 160 F.3d 1254 (9th Cir. 1998)). "Ultimately, a party seeking reconsideration
16 must show more than a disagreement with the Court's decision, and recapitulation of the
17 cases and arguments considered by the court before rendering its original decision fails to
18 carry the moving party's burden." *Id.* at 1071 (internal quotation marks omitted)
19 (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal.
20 2001)).
21 //
22 //

**B.     Plaintiffs' Rule 59(e) Motion to Amend the Judgment**

Plaintiffs assert that the court should amend the judgment because (1) the judgment is based on manifest errors of law and fact and (2) newly discovered evidence justifies amendment.[5] (*See* Mot. at 8-18; Reply at 1-4.)

### 1. Whether the Court Committed Manifest Errors of Law

Plaintiffs contend that the court committed manifest errors of law by (1) holding that Plaintiffs must show the Sodium Nitrite was a defective product before Amazon can be held liable for seller negligence under the WPLA (Mot. at 9-11; Reply at 1-2), and (2) "assum[ing] that Amazon's removal of product reviews was the sole basis for" Plaintiffs' WPLA intentional concealment claim (Mot. at 11 (contending that the claim is based on other facts that do not treat Amazon as a publisher, and thus, should not have been dismissed under Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230); Reply at 2-3). Amazon argues that Plaintiffs' arguments fail because (1) Plaintiffs could have raised these arguments in their opposition to Amazon's motion to dismiss and (2) Plaintiffs' criticisms do not rise to the level of manifest error. (Resp. at 2-4.)

---

[5] Plaintiffs' motion also includes a conclusory, single sentence contention that leave to amend must be given to prevent manifest injustice. (*See* Mot. at 14; *see also* Resp. at 7 (challenging this contention).) In their reply brief, however, Plaintiffs do not reraise or discuss this argument. (*See generally* Reply.) Accordingly, because this argument was unsupported and essentially abandoned on reply, the court does not address it in this order. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir .2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); *Cal. Expanded Metal Prod. Co. v. Klein*, No. C18-0659JLR, 2018 WL 6249793, at *10 (W.D. Wash. Nov. 29, 2018) (declining to address conclusory argument for which plaintiffs provided no legal or evidentiary support).

1    Plaintiffs fail to meet Rule 59(e)'s demanding standard.  First, Plaintiffs'
2 arguments regarding the WPLA's standard for seller negligence claims are improperly
3 raised under Rule 59(e) because they either "relitigate old matters" or make new
4 "arguments . . . that could have been raised" in the prior briefing.  *Guenther v. Lockheed*
5 *Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020); *Kona Enterps.*, 229 F.3d at 890 ("A
6 Rule 59(e) motion may not be used to raise arguments [that] could reasonably have been
7 raised earlier.").  In its motion to dismiss, Amazon argued that the "text, history, and
8 purpose of the WPLA make clear that a 'seller' cannot be liable in 'negligence' unless
9 the product at issue was defective."  (MTD (Dkt. # 47) at 11.)  Instead of disputing
10 Amazon's argument, Plaintiffs merely stated that "the Complaint alleges product defects:
11 that the Sodium Nitrite had inadequate warnings."  (MTD Resp. (Dkt. # 50) at 17.)  The
12 court treated Plaintiffs' response as effectively conceding the issue and, after considering
13 the case law and legislative history cited by Amazon, independently reached the same
14 conclusion.  (6/27/23 Order at 12.)  Accordingly, the court has already thoroughly
15 considered this issue and Plaintiffs cannot claim manifest error based on their
16 "disagreement with the [c]ourt's decision," *Westlands Water Dist.*, 134 F. Supp. 2d at
17 1131, and "arguments [they] could have raised in their opposition to the motion" to
18 dismiss.  *Anglin v. Merchants Credit Corp.*, No. C18-0507BJR, 2020 WL 4816025, at *1
19 (W.D. Wash. Aug. 19, 2020), *aff'd*, No. 20-35820, 2022 WL 964216 (9th Cir. Mar. 30,
20 2022); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A
21 district court does not abuse its discretion when it disregards legal arguments made for
22 the first time on a motion to amend . . . .").

Second, Plaintiffs' arguments regarding their intentional concealment claim similarly fail because they "could have [been] raised in [Plaintiffs'] opposition to the motion" to dismiss. *Anglin*, 2020 WL 4816025, at *1. In response to Amazon's motion to dismiss, which argued that the WPLA intentional concealment claim was based solely on Amazon's removal of negative product reviews and was therefore barred by Section 230 of the CDA (*see* MTD at 16-17), Plaintiffs could have identified the other bases of their WPLA intentional concealment claim and explained why Section 230 of the CDA would not bar such claims. Instead, Plaintiffs' response to Amazon's argument simply stated, without citations to the first amended complaint, that the "facts pertaining to the product page" "are not themselves elements compromising the claims" but "illustrate Amazon's notice, failure to act, noncompliance with its own safety standards, and design features that normalize and push the product for suicide." (*See* MTD Resp. at 28-29.)

Given Plaintiffs' failure to specifically identify any other basis for their intentional concealment claim, the court properly analyzed the intentional concealment claim as based solely on the removal of product reviews because that was the only intentional conduct alleged in the product liability claim section of the first amended complaint.[6]

---

[6] In their reply brief, Plaintiffs argue that Amazon "incorrectly asserts that its removal of reviews was the only conduct alleged as a basis for" their intentional concealment claim because the product liability section of the first amended complaint "incorporates by reference the preceding 202 allegations underlying the intentional concealment cause of action." (*See* Reply at 3.) Such a statement, however, erroneously implies that the court should have sorted through those 202 factual allegations to identify which allegations were intended to support which of Plaintiffs' various claims for relief. The court had no such obligation. *See Indep. Towers of Wash.*, 350 F.3d at 929 ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)); *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2022 WL 3346398, at *6 n.10 (W.D. Wash. Aug. 12, 2022) (stating that the court is not required to search for the facts that support plaintiff's theory of liability).

ORDER - 7

(*See* Am. Compl. ¶ 241.j.)  Because a Rule 59(e) motion is not properly granted where the argument is one that could have been raised, but was not raised, before judgment was entered, the court denies Plaintiffs' Rule 59(e) motion on this ground.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Blakeney v. Ascension Servs., L.P.*, No. 15-CV-05544-LHK, 2016 WL 6804603, at *5 (N.D. Cal. Nov. 17, 2016) ("Plaintiff's failure to previously raise an argument or theory of relief does not require the Court to grant a motion under Rule 59(e).").

        2.   <u>Whether the Court Committed Manifest Errors of Fact</u>

Plaintiffs assert that the court made manifest errors of fact when it stated that: (1) Ethan and Kristine consumed "large doses" of sodium nitrite; (2) the sodium nitrite was "not marketed 'as safe for human consumption or ingestion'"; and (3) the sodium nitrite label "warns that the product is a toxic, reagent grade chemical."  (Mot. at 12 (contending that the court erroneously "rel[ied] on three key statements of fact not alleged in the complaint"); Reply at 3-4.)  Amazon again argues that Plaintiffs' arguments fail because (1) Plaintiffs could have raised these arguments in their opposition to Amazon's motion to dismiss and (2) Plaintiffs' criticisms do not rise to the level of manifest error.  (Resp. at 4-5.)

The court agrees with Amazon.  The court's use of these three statements of fact in its analysis of Plaintiffs' WPLA negligent product liability claim does not rise to the level of manifest error.  *See, e.g., Garcia v. Biter*, 195 F. Supp. 3d 1131, 1132-33 (E.D. Cal.

2016) ("'Mere doubts or disagreement about the wisdom of a prior decision' is insufficient to warrant granting a Rule 59(e) motion.  For a decision to be considered 'clearly erroneous' it must be 'more than just maybe or probably wrong; it must be dead wrong.'" (citations omitted) (quoting *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011))); *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231-32 (D. Ariz. 2012) ("'[A] manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" (quoting *In re Wahlin*, No. 10-20479-TLM, 2011 WL 1063196, at *2 (Bankr. D. Idaho Mar. 21, 2011))).  First, the court's characterization of the size of the dose is irrelevant to its analysis; instead, the court's analysis turned on the allegations that established that "Kristine and Ethan deliberately sought out the Sodium Nitrite for its fatal properties, intentionally mixed . . . it with water, and swallowed it to commit suicide."  (6/27/23 Order at 14-15.)  Second, the court's statement that the Sodium Nitrite at issue in this case "was not marketed for human consumption" is a plausible reading of and is not contradicted by the allegations in the first amended complaint.[7]  (*See, e.g.*, Am. Compl. ¶¶ 73, 77 (implying that the Loudwolf Sodium Nitrite

---

[7] Even the allegation in the first amended complaint that Plaintiffs cite supports the court's prior characterization.  (Mot. at 12 (citing Am. Compl. ¶ 135); Reply at 3 (same).)  Specifically, paragraph 135 of the first amended complaint alleges that sodium nitrite used in food preservatives are marketed and packaged differently than the Loudwolf Sodium Nitrite at issue here.  (*See* Am. Compl. ¶ 135 (describing sodium nitrite used in curing salts as "dyed bright pink" and sold at a diluted level of about 6%, whereas the Sodium Nitrite at issue here was not dyed and "contained about 99.6% pure Sodium Nitrite").)  Accordingly, the first amended complaint's acknowledgement of the "contrast" between Loudwolf's high-purity Sodium Nitrite

was categorized as "Business, Industrial, and Scientific Supplies"), 97 ("Loudwolf Sodium Nitrite was sold on Amazon at 99.6% purity– a purity level for which there is no non-institutional or household use."), 98 (Loudwolf Sodium Nitrite bottle with the words "INDUSTRIAL & SCIENTIFIC" on the front).) Third, court statement that the Sodium Nitrite at issue in this case "warns that the product is toxic" is plausibly derived from the bold TOX label on the Loudwolf Sodium Nitrite bottle. (*See id.* ¶ 98 (showing the letters TOX contained inside of a large letter X).[8])

Accordingly, Plaintiffs' arguments do not present the "highly unusual circumstances" that Rule 59(e) requires to amend a judgment and the court denies Plaintiffs' Rule 59(e) motion on this ground. *Kona Enterprs.*, 229 F.3d at 890; *Teamsters Loc. 617*, 282 F.R.D. at 232 ("[S]imply stating, as plaintiff does, that a given finding was 'manifestly erroneous,' does not make it so.").

3. Whether Plaintiffs Present Newly Discovered Evidence that Justifies Amendment of the Judgment

Plaintiffs claim to have two pieces of "newly discovered evidence" that justify amendment of the judgment. (Mot. 12-14; Reply at 4.) The purportedly new evidence includes: (1) communications between Amazon customer service representatives and Meredith Mitchel, in which Ms. Mitchel told Amazon that her son had purchased Duda-brand sodium nitrite on Amazon.com and "used [it] to end his life" and that there

---

and products with "lower concentration" (*id.*) further supports the court's reading of the first amended complaint.

[8] The first amended complaint does not offer any contrary allegations regarding the meaning of the TOX label on the Loudwolf Sodium Nitrite bottle. (*See generally* Am. Compl.)

"is a website touting [sodium nitrite] as a peaceful way to kill yourself" (Mitchel Decl. (Dkt. # 63) ¶ 7, Ex. A (initial messages between Ms. Mitchel and Amazon) at 1, 3; *see also id.* ¶¶ 8-9, Exs. B-G (follow-up emails between Ms. Mitchel and Amazon regarding Amazon's investigation into the product sold to her son); Mot. at 13-14); and (2) a U.S. Surgeon General Advisory (the "Advisory") about the effects of social media on youth mental health (Mot. at 14 (noting that the Advisory states, among other things, that mental health challenges, such as depression, typically emerge during adolescents' sensitive period of brain development (citing *Social Media and Youth Mental Health: the U.S. Surgeon General's Advisory*, U.S. Dep't Health & Hum. Servs. (May 23, 2023), https://www.hhs.gov/sites/default/files/sg-youth-mental-health-social-media-advisory.pdf [hereinafter *SG Advisory*])).

     To justify amendment under Rule 59(e) based on newly discovered evidence, a party must "show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). Additionally, evidence that that is merely cumulative of other information available prior to judgment is not new evidence under Rule 59(e). *See, e.g.*, *HT-Seattle Owner, LLC v. Am. Guarantee & Liab. Ins. Co.*, No. C21-0048BJR, 2021 WL 4636924, at *2 (W.D. Wash. Oct. 7, 2021), *aff'd*, No. 21-35916, 2023 WL 3562996 (9th Cir. May 19, 2023); *Arnett Facial Reconstruction Courses, Inc. v. Patterson Dental Supply, Inc.*, No. CV 11-06929 CBM (EX), 2013 WL 12246259, at *4 (C.D. Cal. Apr. 8, 2013)

("Newly discovered evidence must be material and cannot be merely cumulative or impeaching." (citing *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003))).

Neither of the two pieces of evidence cited by Plaintiffs justify amendment of the judgment under Rule 59(e)'s demanding standard. First, the information Plaintiffs reference from the Advisory and Ms. Mitchel's communications is cumulative of the facts alleged in and does not introduce information that could not have been ascertained from the first amended complaint. (*See* Mot. at 13-14.) For example, the first amended complaint already alleges that Amazon was selling sodium nitrite to vulnerable individuals, that there was a spike in teenage suicide and mental health crises during the coronavirus pandemic, and that Amazon was on notice—as early as 2018—that teenagers were committing suicide using sodium nitrite purchased on Amazon.com. (*See, e.g.*, Am. Compl. ¶¶ 7, 11, 15, 18, 28, 87, 102, 110-16, 122, 125, 139-47, 151-54, 211, 226-27, 241.) Accordingly, the Advisory and communications between Ms. Mitchel and Amazon "merely reframe[], clarif[y], and expand[] upon facts" that were present in the first amended complaint.[9] *HT-Seattle Owner*, 2021 WL 4636924 at *2.

---

[9] The court also rejects Plaintiffs' contention that the communications are not cumulative of the evidence in the first amended complaint because they relate to Plaintiffs' proposed WPLA intentional concealment claim based on Amazon's knowledge that teens were committing suicide using sodium nitrite. (Reply at 4; Goldberg Decl. (Dkt. # 64) ¶ 3, Ex. A (proposed second amended complaint) at 60.) The first amended complaint already alleged that Amazon knew that teens were committing suicide using sodium nitrite and the communications simply "clarify [Plaintiffs'] legal theory" and "add additional textual context." *See In re Netflix, Inc. Secs. Litig.*, 647 F. App'x 813, 817 (9th Cir. 2016) (affirming denial of motion to amend judgment and complaint where plaintiff's new evidence merely "clarif[ied] the legal theory, streamline[d] the complaint, and add[ed] additional textual context"). Plaintiffs cannot use Rule 59(e) to refashion existing allegations under the guise of "newly discovered evidence." *Id.*

Second, the Advisory could have been discovered and produced earlier through reasonable diligence. The Advisory was issued on May 23, 2023, *SG Advisory*, *supra*, which is more than a month before the court granted Amazon's motion to dismiss and entered the final judgment dismissing Plaintiffs' first amended complaint (*see generally* Dkt.). As such, Plaintiffs could have submitted the Advisory to the court prior to the entry of judgment by filing a notice of supplemental authority, *see* Local Rules W.D. Wash. LCR 7(n), a practice they are familiar with (*see, e.g.*, Pl. Not. (Dkt. # 59)). *See Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (stating that party must show that they could not reasonably "have discovered and produced such evidence" before the entry of judgment). Moreover, the studies cited in the portions of the Advisory that Plaintiffs quote from were published between 2007 and 2019. (*See* Mot. at 14 (quoting *SG Advisory*, *supra*, at 4[10])); *SG Advisory*, *supra*, at 21 (providing citations for footnotes 10 to 14, which are the footnotes listed on the sentences Plaintiffs reference from page four). Accordingly, the "underlying . . . findings" were "available from other sources before" Plaintiffs filed their amended complaint and opposition to Amazon's motion to dismiss. *HT-Seattle Owner*, 2021 WL 4636924, at *2.

Third, even if the communications between Ms. Mitchel and Amazon could not have been discovered with reasonable diligence prior to the entry of final judgment,[11]

---

[10] Although Plaintiffs cite to page five of the Advisory (*see* Mot. at 14), the quoted language appears on page four of the Advisory.

[11] The court assumes without deciding that this evidence could not have been discovered with reasonable diligence prior to the entry of final judgment.

ORDER - 13

those communications are not "of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon*, 336 F.3d at 1022. In its June 27, 2023 order, the court dismissed Plaintiffs' negligence-based claims because Plaintiffs failed to allege the product was defective and because Kristine and Ethan intentionally misused the product. (*See* 6/27/23 Order at 13-19 (dismissing WPLA seller negligence claim), 30-32 (construing Plaintiffs' common law negligence and NIED claims under the WPLA's seller negligence cause of action and dismissing them because the Sodium Nitrite is not defective).) The court dismissed Plaintiffs' intentional concealment claim as barred by Section 230 of the CDA. (*See id.* at 19-23 (dismissing only WPLA intentional concealment claim, which was based on Amazon's removal of negative product reviews).[12]) These conclusions are wholly unaffected by the communications between Ms. Mitchel and Amazon. In other words, even if the communications establish that Amazon knew teens were using sodium nitrite to commit suicide and could or should have foreseen Kristine and Ethan's suicides, the court would still dismiss the claims for the reasons identified in its June 27, 2023 order. *See, e.g.*, *HT-Seattle Owner*, 2021 WL 4636924, at *3 (concluding that plaintiff failed to meet Rule 59(e)'s standard because even if plaintiff had presented newly discovered evidence, the information derived from that evidence is immaterial to and would not alter court's prior analysis of plaintiff's complaint).

---

[12] The court has already rejected Plaintiffs' contention that the court manifestly erred by construing their WPLA intentional concealment claim as arising solely from Amazon's removal of negative product reviews. (*See supra* § III.B.1.)

1   In sum, the two pieces of evidence cited by Plaintiffs do not satisfy Rule 59(e)'s
2 newly discovered evidence standard because the evidence is either cumulative of the
3 allegations in Plaintiffs' first amended complaint, could have been discovered and
4 produced with reasonable diligence prior to the entry of judgment, or is not material to
5 the court's prior conclusions.  Accordingly, the court denies Plaintiffs' Rule 59(e) motion
6 on this ground.

7 **C.  Plaintiffs' Request for Leave to File a Second Amended Complaint**

8   Plaintiffs also seek leave to file a second amended complaint with new claims and
9 modified allegations.  (Mot. at 15-17; Reply at 5-6.)  Although Plaintiffs rely on Rule
10 15(a)'s liberal standard when discussing their request for leave to amend (*see* Mot. at 15),
11 Plaintiffs' request is governed by Rule 59(e) because they must "seek vacation of the
12 order of dismissal" before they can "obtain leave to file another amended complaint."
13 *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980); *Weeks*, 246 F.3d at 1236 ("It is clear
14 in the first instance that the judgment would have to be reopened, under Federal Rule of
15 Civil Procedure 59(e), before the district court could entertain Weeks's motion to amend
16 his complaint.").  Accordingly, Rule 15(a)'s liberal standards do not apply, and the court
17 must instead determine whether it was manifest error to dismiss Plaintiffs' first amended
18 complaint with prejudice and without leave to amend under Rule 59(e).  *See, e.g.*,
19 *Teamsters Loc. 617*, 282 F.R.D. at 234; *Weeks*, 246 F.3d at 1236 ("The question is
20 whether the court, when it dismissed the case, committed some clear error that required it
21 to reopen that judgment.").  To establish manifest error, Plaintiffs must show, "based
22 upon the entire record before the court when it denied . . . leave to amend, that the alleged

clear error was 'one that is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Teamsters Loc. 617*, 282 F.R.D. at 241 (quoting *In re Wahlin*, 2011 WL 1063196, at *2).

In its June 27, 2023 order, the court dismissed Plaintiffs' first amended complaint without leave to amend for the following reasons. First, the court concluded that granting leave to amend Plaintiffs' negligence-based product liability claims under the WPLA[13] would be futile because "Plaintiffs cannot possibly make out a plausible negligence claim against Amazon under the WPLA given the court's conclusions that (1) Amazon, as a product seller, can only be held liable for negligence under the WPLA if the Sodium Nitrite was defective, (2) that the Sodium Nitrite was not defective with respect to its warnings, and (3) Kristine and Ethan intentionally misused the Sodium Nitrite to commit suicide." (6/27/23 Order at 34.) Second, the court concluded that granting leave to amend Plaintiffs' intentional concealment claim under the WPLA, "which is premised on Amazon's removal of product reviews," would be futile because that claim "is barred by the CDA." (*Id.*)

Plaintiffs have not satisfied the stringent standards for establishing manifest error with respect to the court's decision to deny leave to amend. First, the Ninth Circuit grants courts "particularly broad" discretion to deny leave to amend "[w]here the plaintiff

---

[13] Before reaching this conclusion, the court stated that "it is clear from the [first] amended complaint that . . . Plaintiffs' [negligence-based] claims are premised on allegations that Kristine and Ethan's deaths were caused by ingesting the Sodium Nitrite and seek to hold Amazon liable for negligently 'marketing' the Sodium Nitrite." (6/27/23 Order at 33.) "Such negligence-based product liability claims," the court stated, "must be pled under the WPLA, which imposes liability on product sellers in limited circumstances." (*Id.* at 33-34.)

has previously filed an amended complaint," whether by stipulation of the parties, as Plaintiffs did here (*see* Mot. at 16; Dkt.), or with leave of court. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)); *Chang v. Noh*, 787 F. App'x 466, 467-68 (9th Cir. 2019) (holding that district court did "not abuse its discretion by denying [a plaintiff's] request for leave to amend a second time" where the plaintiff "had previously amended his complaint once by stipulation of the parties" (citing *Miller*, 358 F.3d at 622)).

Second, in making their conclusory request for leave to amend in their opposition to Amazon's motion to dismiss,[14] Plaintiffs failed to identify what additional facts they would plead if given leave to amend. (MTD Resp. at 29 ("[T]he Court should permit Plaintiffs to amend the Complaint to address any deficiencies identified by the Court because amendment would not be futile.").) A district court does "not abuse its discretion in denying [a plaintiff] leave to amend [their] complaint" if the plaintiff merely requests leave to amend, without identifying what additional facts they would include or "otherwise explain[ing] why the amendment would not be futile." *Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 439-40 (9th Cir. 2020) ("It is not the court's duty, however, to peruse the record to formulate the parties' arguments."); *see also Chang*, 787 F. App'x at 467 (holding that district court did "not abuse its discretion by denying [a plaintiff's] request for leave to amend a second time" if the plaintiff merely requested

---

[14] The court acknowledges that its June 27, 2023 order mistakenly stated that Plaintiffs had not asked for leave to amend in their opposition to Amazon's motion to dismiss. (*See* 6/27/23 Order at 33.) However, for the reasons stated above, this minor misstatement does not serve as a basis to find that the court manifestly erred by denying leave to amend.

leave "in his opposition to the Rule 12(b)(6) motion" and "provided no supporting argument or authority for why leave to amend should be granted"); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend . . . . Accordingly, amendment would be futile.").

Third, Plaintiffs fail to show that the court's reasoning for finding that leave to amend would be futile constitutes manifest error.[15] (*See supra* §§ III.B.1 (finding no manifest errors of law with respect to the court's conclusion's regarding Plaintiffs' WPLA intentional concealment claim and the WPLA's defective product requirement), III.B.2 (finding no manifest errors of fact underlying the court's defective product and intentional misuse findings), III.B.3 (finding no newly discovered evidence that would change the analysis or conclusions in the court's June 27, 2023 order)); *see also Westlands Water Dist.*, 134 F. Supp. 2d at 1131 (stating that manifest error requires more than disagreement with the court's decision).

In sum, with respect to the amendment issue, Plaintiffs have not met the "very exacting standard" necessary to show manifest error and justify amending the final

---

[15] Plaintiffs cannot challenge the court's futility determination by proposing to add new, previously unmentioned claims and allegations. First, the court has already concluded that the alleged newly discovered evidence referred to by Plaintiffs does not justify amendment of the judgment. (*See supra* § III.B.3.) Second, without newly discovered, material evidence, the party seeking leave to amend must establish that the court manifestly erred in denying leave to amend based on the record as it was when it denied leave to amend. *Teamsters Loc. 617*, 282 F.R.D. at 240-41. In such circumstances, the party cannot rely on claims and allegations raised for the first time on a Rule 59(e) motion. *See id*.; *Marlyn Nutraceuticals*, 571 F.3d at 877; *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (holding district court did not abuse its discretion by dismissing complaint without leave to amend where plaintiff did not indicate it had additional claims to bring prior to dismissal).

judgment under Rule 59(e). *See Campion*, 2011 WL 1935967, at *1. Between the time Amazon filed its motion to dismiss and the court's entry of final judgment, Plaintiffs had nearly three months to move to amend their first amended complaint. To permit Plaintiffs to amend their first amended complaint post-judgment "would simply grant [them] the forbidden second bite at the apple," *Weeks*, 246 F.3d at 1236, and "defeat the sound limits on reopening judgments under Rule 59," *Plestina v. Baetz*, 225 F. App'x 470, 471 (9th Cir. 2007). Accordingly, the court denies Plaintiffs' request for leave to file a second amended complaint.

### D. Plaintiffs' Certification Request

Plaintiffs asks the court to certify two questions to the Washington Supreme Court, pursuant to RCW 2.60.020, as an "alternative[]" to amending the June 27, 2023 final judgment. (Mot. at 17-18; Reply at 6-7.) Specifically, Plaintiffs state that the court "should grant certification to obtain guidance from the Washington Supreme Court on the following questions:"

> 1. Under the WPLA, must a plaintiff show a product was "defective" to bring negligence (or negligent infliction of emotional distress) claims against a product seller?
>
> 2. Are e-commerce sellers immune under Section 230 of the Communications Decency Act for conduct involving intentional concealment when the claim does not involve the publication of third-party content or editorial decision-making?

(Mot. at 18.) Amazon argues that the court should deny this request because "certification is unavailable post-judgment," and "even if certification were available,

//

their request is an abuse of the procedure and does not meet the substantive statutory criteria." (Resp. at 10-12.)

The court agrees with Amazon. RCW 2.60.020, the source of the court's statutory authority to certify questions, applies only when "a proceeding is pending" before the "federal court." RCW 2.60.020. The court entered a final judgment dismissing this case with prejudice on June 27, 2023 (*see* Judgment), and the docket reflects that the case has been "[t]erminated" (*see* Dkt.). Additionally, the court has denied Plaintiffs' Rule 59(e) motion to amend the judgment and reopen the case. (*See supra* §§ III.B, C.) Accordingly, certification is not an option because "[t]he case is . . . not 'pending'—it is closed."[16] *Drammeh v. Uber Techs. Inc.*, No. C21-0202BJR, 2022 WL 17764004, at *1 (W.D. Wash. Dec. 19, 2022).

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion to amend the judgment, to grant Plaintiffs leave to file a second amended complaint, or, in the alternative, to certify questions to the Washington State Supreme Court (Dkt. # 62).

Dated this 25th day of August, 2023.

JAMES L. ROBART
United States District Judge

---

[16] The cases cited by Plaintiffs support this conclusion; in those cases, the Ninth Circuit certified questions to the Washington State Supreme Court while the case was pending on appeal. (*See* Reply at 6 (first citing *Bylsma v. Burger King Corp.*, 676 F.3d 779, 781 (9th Cir. 2012); then citing *Potter v. City of Lacy*, 46 F.4th 787, 794 (9th Cir. 2022); and then citing *Barlow v. Washington*, 38 F.4th 62 (9th Cir. 2022)).)