**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS MCCARTHY; et al., | No. 23-35584 |
| Plaintiffs-Appellants, | D.C. No. 2:23-cv-00263-JLR |
| v. | |
| AMAZON.COM, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted December 4, 2024
Submission Withdrawn December 5, 2024
Resubmitted February 19, 2026
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Plaintiffs, the McCarthy and Jónsson families, are successors-in-interest to their deceased children, Ethan McCarthy and Kristine Jónsson. Ethan and Kristine died by suicide after ingesting sodium nitrite they purchased from Amazon.com. Plaintiffs sued defendant Amazon, asserting claims of (1) product liability under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Washington Product Liability Act ("WPLA"), RCW 7.72.010, *et seq*.; (2) common law negligence; and (3) common law negligent infliction of emotional distress ("NIED"). They now appeal the district court's dismissal of those claims. We review de novo a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6). *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We reverse and remand.

    1. Plaintiffs asserted a product liability claim under the WPLA sounding in failure to warn. They also asserted a common law negligence claim.[1] That claim alleged that Amazon owed the decedents a duty of care under various state law theories and breached that duty in multiple respects. The district court held that the negligence theories, premised on Amazon's role in marketing and facilitating the sale of sodium nitrite, fall within the WPLA's preemptive scope. *McCarthy v. Amazon.com, Inc.*, 679 F. Supp. 3d 1058, 1075–77 (W.D. Wash. 2023). "[T]he common law principles of negligence and proximate cause govern product seller liability claims under the WPLA." *Scott v. Amazon, Inc.*, No. 103730-9, __P.3d__, 2026 WL 468578, at *3 (Wash. Feb. 19, 2026) (analyzing substantially similar claims under the WPLA). We therefore address the failure-to-warn product liability and the negligence claims together under the WPLA. *See id.* at *5–6. So,

---

[1] Plaintiffs also brought another product liability claim premised on an intentional concealment theory. *See infra*, p. 6.

to prevail on these claims, plaintiffs must establish duty, breach, causation, and damages. *Hansen v. Wash. Nat. Gas Co.*, 632 P.2d 504, 505 (Wash. 1981). We conclude that plaintiffs have adequately pleaded both claims.

a. As an initial matter, Amazon contends that before a seller can be held liable, the WPLA requires plaintiffs to establish that an injury-causing product is defective. But Washington courts have recently concluded otherwise. "There is no defective product predicate anywhere in the text of the WPLA that restricts liability for the negligence of a product seller . . . . [T]he WPLA expressly provides that product sellers may be liable for negligence and the legislature did not include any defective product requirement in the text of the statute." *Scott v. Amazon, Inc.*, 559 P.3d 528, 538 (Wash. Ct. App. 2024), *rev'd on other grounds*, No. 103730-9, __ P.3d __, 2026 WL 468578 (Wash. Feb. 19, 2026).

In *Scott*, a closely similar case, the Washington Supreme Court did not directly address the Washington Court of Appeals' defective product holding. But it did determine that plaintiffs had established a WPLA claim and only the elements of common law negligence, without any threshold showing that the sodium nitrite was defective. *See Scott*, 2026 WL 468578, at *5-6. Taking the two *Scott* opinions together, we conclude that the WPLA does not require that a product be defective. The district court's dismissal of plaintiffs' common law negligence claims on that ground was therefore improper. We express no view on

the underlying claims' ultimate viability.

b. Next, under Washington law, whether Amazon owed the decedents a duty to warn of known hazards and whether Amazon breached that duty are questions of fact that cannot be resolved at the Rule 12(b)(6) stage. "In Washington, every individual has a duty to exercise reasonable care to avoid the foreseeable consequences and harm from their acts." *Id.* at *5. "[W]hether Plaintiffs' harm, the act of suicide, is a harm within the foreseeable range of the duty of reasonable care that Amazon owed the decedents is a question of fact . . . for the fact finder to decide[.]" *Id.* at *6. "The argument that Plaintiffs may have misused the product" or that the "danger is obvious or known" "does not eliminate Amazon's duty." *Id.* (citation modified). Plaintiffs have adequately pleaded duty and breach; Amazon's arguments to the contrary raise factual questions not amenable to resolution in a 12(b)(6) motion.

c. If plaintiffs establish that Amazon breached its duty by failing to provide adequate warnings, whether Amazon's breach proximately caused Ethan and Kristine's deaths is also a question of fact. Plaintiffs allege that Amazon knew since at least 2018 that teenagers were purchasing sodium nitrite from Amazon.com to commit suicide. They contend that Amazon therefore had a duty to safeguard the decedents from the foreseeable consequences of the risk that they might purchase sodium nitrite for the same purpose and that Amazon's failure to

4

do so proximately caused Ethan and Kristine's deaths. Plaintiffs further allege that Kristine "carefully considered and ruled out other methods" for taking her own life because those methods would be too painful. Whether adequate warnings about the similarly painful effects of sodium nitrite poisoning would have dissuaded Kristine's use of the product is a question of fact. "[W]e are unable to say, as a matter of law, beyond a reasonable doubt, that the decedents' deaths were not proximately caused by Amazon's alleged tortious sales practices" and failure to warn about the risks of sodium nitrite. *Id.* at *5. Nor does the fact that Ethan and Kristine purchased sodium nitrite for the purpose of committing suicide and then used the product for that purpose break the chain of causation. Under the facts alleged here, "the act of suicide, as a matter of law, is not a superseding cause that precludes Plaintiffs' WPLA claims." *Id*.

We therefore reverse the district court's dismissal of plaintiffs' WPLA product liability claim.

2. We also reverse the district court's dismissal of plaintiffs' common law NIED claim. The district court dismissed the NIED claim for lack of a predicate negligence claim. *McCarthy*, 679 F. Supp. 3d at 1079 (quoting *Est. of Lee ex rel. Lee v. City of Spokane*, 2 P.3d 979, 990 (Wash. Ct. App. 2000)). Because we conclude that plaintiffs' negligence and product liability claims are adequately pleaded, we reverse the district court's dismissal of plaintiffs' NIED claim.

3. Plaintiffs do not challenge the district court's holding that the WPLA intentional concealment claim premised on Amazon's removal of consumer reviews warning about the dangers of sodium nitrite is barred by the Communications Decency Act. *See* 47 U.S.C. § 230. They instead contend that the district court did not address other intentional misconduct allegations in their complaint, namely, that Amazon intentionally misrepresented or concealed information about the risks of sodium nitrite. On remand, the district court should consider plaintiffs' other allegations of intentional misconduct, any challenges Amazon might raise to them, and whether the allegations are ultimately sufficient to state a claim under the WPLA's intentional misrepresentation prong.

**REVERSED and REMANDED.**